68 F.3d 481
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John Frederick PARKER, Petitioner,
v.
NATIONAL TRANSPORTATION SAFETY BOARD; Federal Aviation
Administration; Respondents.
 No. 94-70698.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 11, 1995.*
Decided Oct. 20, 1995.
 
 Before: BEEZER, THOMPSON, and T. G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Frederick Parker petitions pro se for review of the National Transportation Safety Board's ("NTSB") order denying his appeal and affirming the Administrative Law Judge's order which dismissed Parker's petition for review of the Federal Aviation Administration's ("FAA") denial of medical certification. We have jurisdiction pursuant to 49 U.S.C. Sec. 1153, and deny the petition.
 
 
 3
 "Our review of the NTSB's decisions is narrow: '[W]e will uphold such decisions unless they are arbitrary, capricious, an abuse of discretion, or not otherwise in accordance with the law."' Henderson v. FAA, 7 F.3d 875, 877 (9th Cir. 1993) (quoting Essery v. DOT, 857 F.2d 1286, 1288 (9th Cir. 1988)). The NTSB's findings of fact are upheld if supported by substantial evidence. Howard v. FAA, 17 F.3d 1213, 1215 (9th Cir. 1994). "Purely legal questions are reviewed de novo." Id.
 
 
 4
 In this case, Parker's application for a second-class medical certificate was denied by the FAA on the ground that he was disqualified under Federal Aviation Regulations because he had an established medical history and a clinical diagnosis of psychosis. See 14 C.F.R. Sec. 67.15(d). Parker's petition for review of the denial was dismissed by the ALJ on the ground that the NTSB had previously determined that Parker had a disqualifying medical condition in Petition of Parker, 5 N.T.S.B. 1845 (1987) ("the 1987 decision"), and that Parker was barred by the doctrine of res judicata from relitigating the issue.[1] The NTSB denied Parker's appeal noting that NTSB decisions have consistently held that the doctrine of res judicata bars relitigation of issues concerning a specifically disqualifying medical condition that has been established in a prior case.
 
 
 5
 "The doctrine of collateral estoppel [or issue preclusion] is intended to limit the number of times a defendant may be forced to litigate the same claim or issue, and to promote efficiency in the judicial system by putting an end to litigation." Peck v. Commissioner, 904 F.2d 525, 527 (9th Cir. 1990). "The doctrine provides that 'once an issue is actually litigated and necessarily determined, that determination is conclusive in subsequent suits based on a different cause of action but involving a party or privy to the prior litigation."' Id. (quoting United States v. ITT Rayonier, Inc. 627 F.2d 996, 1000 (9th Cir. 1980)).
 
 
 6
 Parker contends that the doctrine of res judicata was improperly applied in this case because he was denied a fair and full hearing in Petition of Parker, 5 N.T.S.B. 1845 (1987). This contention lacks merit. In the 1987 hearing before the ALJ, Parker was given the opportunity to offer evidence, and call and cross examine witnesses. See Petition of Parker, 5 N.T.S.B. at 1848. Parker's argument that the NTSB's reliance on psychiatric testimony unfairly surprised him because it was a deviation from established NTSB policy is without merit. We have considered his other arguments, and find them also to be without merit.
 
 
 7
 Because the issue of whether Parker has a specifically disqualifying medical condition was actually litigated and necessarily determined in the 1987 decision, the NTSB did not err by holding that its earlier decision barred Parker from relitigating the same issue. See Peck, 904 F.2d at 527.
 
 
 8
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Although the NTSB used the term res judicata, it is clear that it was using the general term to refer to the preclusive effect the prior decision has on the issue of whether Parker has a disqualifying medical condition. See Guild Wineries and Distilleries v. Whitehall Co., 853 F.2d 755, 758 n.3 (9th Cir. 1988) (explaining that res judicata is a broad term that encompasses both claim preclusion and issue preclusion)